# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Phillip Alexander, | Case No.: 2:18-cv-01103-JAD-GWF |
| Plaintiff | |
| v. | **Order Dismissing Claims Against Remaining Defendant Lito Hernandez and Closing Case** |
| Lito Hernandez, | [ECF No. 9] |
| Defendant | |

Pro se plaintiff Phillip Alexander filed this negligence action against Lito Hernandez and Farmers Insurance Inc., seeking more than ten million dollars for a rear-end car accident.[1] The claims against Farmers were dismissed after Alexander failed to respond to its dismissal motion.[2] And Alexander was warned that the claims against Hernandez would be dismissed under Rule 4(m) of the Rules of Civil Procedure unless Alexander provided proof by October 19, 2018, that he had timely served Hernandez with process.[3] Alexander has not provided such proof.

FRCP 4(m) requires service of the summons and complaint to be completed within 90 days of the complaint's filing, and "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a

---

[1] ECF No. 1 at 4.

[2] ECF No. 8.

[3] ECF No. 11.

specified time."[4]  Rule 4(c)(1) further makes it clear that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed under Rule 4(m)."[5]

District courts have the inherent power to control their dockets, and "[i]n the exercise of that power, they may impose sanctions including, where appropriate, . . . dismissal" of a case.[6]  A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[7]  In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[8]

I find that the first two factors weigh in favor of dismissal of this case.  The risk-of-prejudice factor also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a document ordered by the court or prosecuting an

---

[4] Fed. R. Civ. P. 4(m).

[5] Fed R. Civ. P. 4(c)(1).

[6] *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986).

[7] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[8] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

action.[9]  A court's warning to a party that failing to obey the court's order or comply with a rule will result in dismissal satisfies the consideration-of-alternatives requirement,[10] and Alexander was expressly warned that dismissal could result if he failed to provide proof of service by the October 19th deadline.  Although the fourth factor weighs against dismissal, it is greatly outweighed here by those favoring dismissal.

Because Alexander has failed to timely serve last-remaining defendant Hernandez, and with good cause appearing and no reason to delay, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that his **claims against Hernandez are DISMISSED** without prejudice under FRCP 4(m).  Because this dismissal leaves no claims remaining in this case, IT IS FURTHER ORDERED that the "Claim for Damages" (to the extent that it can be considered a motion) **[ECF No. 9] is DENIED** as moot.  The Clerk of Court is directed to ENTER JUDGMENT accordingly and **CLOSE THIS CASE.**

Dated: October 25, 2018

_____
U.S. District Judge Jennifer A. Dorsey

---

[9] *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[10] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.